**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

WHLR-SUNSHINE SHOPPING PLAZA LLC, YADON, INC., D/B/A THE ICE CREAM SHOP and ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues WHLR-SUNSHINE SHOPPING PLAZA LLC, YADON, INC. D/B/A THE ICE CREAM SHOP and ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET    (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over

eighteen years of age, with a house in Lee County, Florida, and is otherwise sui juris.

4. At all times material, Defendant, WHLR-SUNSHINE SHOPPING PLAZA, LLC, was and is a Foreign For Profit Corporation, with its principal place of business, agents, officers and/or offices in Lee County, Florida and conducting a significant amount of business in Lehigh Acres, Florida.

5. At all times material, Defendant, WHLR-SUNSHINE SHOPPING PLAZA, LLC, owned and operated a commercial property constituting a commercial plaza located at the following address: 1107-1177 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter "commercial property" or "commercial plaza property").

6. At all times material, Defendant, YADON, INC. D/B/A THE ICE CREAM SHOP , owned and operated a commercial ice cream shop at 1107-A Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter the "commercial ice cream shop") and conducted a substantial amount of business in that place of public accommodation in Lehigh Acres, Florida.

7. At all times material, Defendant, YADON, INC. D/B/A THE ICE CREAM SHOP, was and is a Florida For Profit Corporation, organized under the laws of Florida with its principal place of business in Lee County, Florida. Defendant, YADON, INC. D/B/A THE ICE CREAM SHOP, holds itself out to the public as "THE ICE CREAM SHOP"

8. At all times material, Defendant, ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET, owned and operated a commercial restaurant business at 1135 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Lehigh Acres, Florida.

9. At all times material, Defendant, ASIAN BUFFET OF LEHIGH ACRES INC.

D/B/A ASIAN BUFFET, was and is Florida For Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Lee County, Florida. Defendant, ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET,

10. Venue is properly located in the Middle District of Florida because Defendants' commercial plaza property, ice cream shop, and restaurant businesses that are the subject of this Action, are all located in Lee County, Florida, and Defendants regularly conduct business within Lee County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lee County, Florida at the commercial plaza property and businesses.

## FACTUAL ALLEGATIONS

11. Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, and Defendants have yet to make their places of public accommodation accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of

his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Defendants, own and operate the places of public accommodation all of which are located together in the same commercial plaza property located in Lehigh, Florida that are the subject of this Action.

16. The subject commercial property and the commercial businesses located therein are open to the public, and Defendant, WHLR-SUNSHINE SHOPPING PLAZA, LLC's, commercial plaza itself contains different businesses that each (including ice cream shop and restaurant respectively owned and operated by Co-Defendants, YADON, INC. D/B/A THE ICE CREAM SHOP and ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET, that pay Defendant, WHLR-SUNSHINE SHOPPING PLAZA, LLC, rent and are all located in Lee County, Florida).

17. The individual Plaintiff frequently visits the subject commercial plaza property and tenant businesses (including the related parking lots and common areas) to include a visit on May 21, 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza and businesses therein listed in this Complaint as Defendants. He often visits the commercial property and businesses therein, when he is in the area shopping or visiting family and friends that reside nearby, and has definite plans to return to the commercial property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered to the public at the commercial plaza and restaurant businesses, if it becomes accessible.

18.     Plaintiff visited the subject commercial property and businesses located therein as a patron/customer and intends to return to the commercial property in order to avail himself of the goods and services offered to the public at the commercial property.  Plaintiff has a home that he stays in at least every other month in Lehigh Acres near the commercial property, a little over one mile (1) mile from the commercial property and businesses therein, in the same state and the same county as the commercial property, regularly frequents the Defendants' commercial property, ice cream shop, and restaurant businesses for each's intended purposes, and intends to return to the commercial property and businesses therein, to include the Co-Defendant Tenant businesses, within two (2) months' time.

19.     The Plaintiff found the Defendants' commercial property, ice cream shop, and restaurant businesses to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the subject property and Defendants' businesses and wishes to continue his patronage and use of the commercial property and the restaurant and restaurant businesses therein.

20.     The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA, at the commercial property, ice cream shop and restaurant businesses.  The barriers to access at Defendants' commercial plaza property, ice cream shop, and restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial property and listed ice cream shop and restaurant businesses therein and likewise endangered his safety.  The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

21.     Defendants each own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public

accommodation that Defendants each owns and/or operates, and the businesses in the commercial property referenced above or the plaza itself as a commercial enterprise.

22.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, ice cream shop, and restaurant businesses, including, but not necessarily limited to the allegations in Paragraphs 24-29 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the commercial property and businesses therein not only to avail himself of the goods and services available at the commercial plaza property, but to also assure himself that this commercial plaza property and businesses therein is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

23.     Defendants have each individually and together discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties and the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – COMMON AREA ADA VIOLATIONS
### AS TO WHLR-SUNSHINE SHOPPING PLAZA, LLC

24.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendant, WHLR-SUNSHINE SHOPPING PLAZA, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered

6

during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. There are accessible parking spaces with signs that are mounted too low, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel (common areas).

i. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  iv. The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

  v. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  vi. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  vii. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  viii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ix. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff had difficulty exiting tenant spaces without assistance, as the required maneuvering clearance is not provided. Violation: The tenant entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS
### AS TO WHLR-SUNSHINE SHOPPING PLAZA, LLC and ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, WHLR-SUNSHINE SHOPPING PLAZA, LLC and ASIAN BUFFET OF LEHIGH ACRES INC. D/B/A ASIAN BUFFET, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. Access to Goods and Services

i. The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose

resolution is readily achievable.

   B. <u>Public Restrooms</u>

      i.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment has pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

      ii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

      iii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

      iv.    The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      v.     The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the

2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – ADA VIOLATIONS**
**AS TO WHLR-SUNSHINE SHOPPING PLAZA, LLC, INC and YADON, INC.**
**D/B/A THE ICE CREAM SHOP**

28.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

29.    Defendants, WHLR-SUNSHINE SHOPPING PLAZA, LLC and YADON, INC. D/B/A THE ICE CREAM SHOP, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A.  <u>Access to Goods and Services</u>

    i.    There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  <u>Public Restrooms</u>

   i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of high chairs. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   v. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   vi. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to

12

the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      vii.    The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

      viii.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

      ix.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      x.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

      30.    The discriminatory violations described in Paragraphs 24-29 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from

further ingress, use, and equal enjoyment of the commercial plaza property, ice cream shop, and restaurant businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

31. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' commercial plaza property, ice cream shop and restaurant businesses therein; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. The Defendants each owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendants are each and all responsible for complying with the obligations of the ADA.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the commercial plaza property, ice cream shop and restaurant are owned and operated by the Defendants, located in Miami-Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the property and the interior areas of the businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 19, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com

By:     /s/ Anthony J. Perez
        ANTHONY J. PEREZ
        Florida Bar No.: 535451